fire escape, as customary, to hang her laundry on her pulley line, she fell through the unguarded opening to the ground and suffered injury. The complaint was dismissed upon the ground that plaintiff had no right to go on the fire escape for the purpose stated.

*Murray G. Jenkins* and *William Dike Reed* for appellants.

*James P. Kohler* for respondent.

Order affirmed and judgment absolute ordered against appellants on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

HENRY L. CRITTENDEN, as Assignee for the Benefit of Creditors of ANTHONY PUCCIA, Respondent, *v.* AMERICAN RAILWAY EXPRESS COMPANY, Appellant.

*Carriers — damage arising from freezing — when delivery and acceptance by consignee a question of fact.*

*Crittenden* v. *American Ry. Express Co.,* 205 App. Div. 228, affirmed.

(Argued April 16, 1924; decided May 20, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 9, 1923, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the Monroe County Court at a Trial Term and granting a new trial. The action was to recover damages arising from the freezing of part of a carload of spinach. There was evidence that one of the doors to the car was defective and could not be closed and a jury might have found that the freezing was due to the opening. The trial court dismissed the complaint on the ground that a delivery and acceptance by the consignee before the freezing occurred were conclusively established. The Appellate Division held that on the evidence a question of fact was presented.

*Edward Lynn* for appellant.

*George Sanderson* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THERESA SHEEDY, as Administratrix of the Estate of JAMES SHEEDY, Deceased, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

*Negligence — streets — municipal corporations — waiver — evidence — erroneous admission of evidence to establish waiver by comptroller of city of New York of right to examine plaintiff.*

*Sheedy v. City of New York*, 202 App. Div. 760, affirmed.

(Argued April 16, 1924; decided May 20, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 26, 1922, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial. The action was brought to recover damages for the death of plaintiff's intestate, who was killed on January 1, 1920, when the left front wheel of an automobile truck in which he was riding broke through the frozen surface of a large pool of water in Bush street, between Columbia and Hicks streets, Brooklyn, and dropped to the bottom of a depression beneath, pitching the intestate and one of the other men in the truck to the surface of the street. The Appellate Division reversed upon the ground that it was error for the trial court to receive the testimony of the witnesses O'Toole and Abruzzo in regard to the alleged conversation with some person in the corporation counsel's office unknown to them and whose voice they did not recognize or identify, in order to establish a waiver by the comptroller of his right to an examination of plaintiff under section 149 of the charter of the city of New York.